IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| TONY WILSON, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | 2:10-CV-0020 |
| | § | (Consolidated with 2:10-CV-0062) |
| RICK THALER, Director, | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division, | § | |
| | § | |
| Respondent. | § | |

**REPORT AND RECOMMENDATION TO DENY, IN PART, AND
DISMISS, IN PART, PETITION FOR A WRIT OF HABEAS CORPUS**

Petitioner TONY WILSON has filed a Petition for a Writ of Habeas Corpus by a Person in State Custody challenging a prison disciplinary proceeding that took place at the Clements Unit in Potter County, Texas. Petitioner is incarcerated at the Clements Unit pursuant to a 45-year sentence assessed for his March 13, 1986 conviction of burglary of a habitation out of the 282nd District Court of Dallas County, Texas. *See State v. Wilson*, No. F86-95779-QS. The undersigned United States Magistrate Judge is of the opinion petitioner's application for federal habeas corpus relief should be DENIED, IN PART, and DISMISSED, IN PART.

I.
BACKGROUND

On October 31, 2009, Officers Lowe and Brannon were conducting cell searches at the Bill Clements Unit. Petitioner, who was in the day room at the time the officers searched his cell, climbed the day room bars and upon observing the officers confiscate items, made a statement toward the officers to the effect of "just wait till y'all let me out of this day room."

On October 31, 2009, petitioner was charged with violating prison rules by threatening to inflict harm, physical or otherwise, on an officer or any person who is not an offender, a Level 1, Code 4.0 violation.[1]  On November 9, 2009, petitioner received notification the disciplinary hearing was set for November 10, 2009.  On November 10, 2009, after the hearing, petitioner was found guilty of the violation charged.  The punishment assessed included the loss of nine (9) days previously accrued good time.  *See* Disciplinary Case No. 20100069340.

On November 13, 2009, petitioner appealed the disciplinary ruling by filing a Step 1 grievance.  Petitioner's Step 1 grievance was returned to him on the same day due to improper or excessive attachments.  On November 16, 2009, petitioner resubmitted his Step 1 grievance arguing the offense report had been falsified, that the filing of the disciplinary charge was simply a continuing pattern of abuse and harassment of petitioner consisting of confiscating his property, and that the prison system had become overly sensitive in taking all comments made by inmates as threats.  Petitioner requested the return of certain property he alleged was removed from his cell during the search and further requested the disciplinary ruling be overturned.  The disciplinary case was reviewed and, on December 1, 2009, the grievance was denied with the following response:

> Disciplinary report #20100069340 has been reviewed.  There were no procedural errors noted.  The case was presented to a fair and impartial hearing officer.  Based on the evidence presented at the hearing, a guilty verdict was appropriate.  The punishment was consistent with the guidelines in the disciplinary rules and procedures.  The decision of the hearing officer shall stand as rendered.  No action is warranted.

On January 4, 2010, petitioner completed a Step 2 grievance.  By his Step 2 grievance, petitioner argued the disciplinary charge was based on falsified reports and records, was the result of retaliation, harassment, an abuse of official capacity, obstruction of justice, and the lack of a proper investigation, that the guilty finding (of making a threat) was entered without any physical evidence,

---

[1] The Offense Report alleged petitioner "threatened to inflict harm on Officer M. Lowe [] and Officer T. Brannon [] in that said offender stated, "Wait until you let me out of the day room."

and that he was being denied access to courts. On January 27, 2010, petitioner's Step 2 grievance was denied with the following response:

> Major Disciplinary Case #20100069340 has been reviewed. The disciplinary charge was appropriate for the offense and the guilty verdict was supported by a preponderance of the evidence. All due process requirements were satisfied and the punishment assessed was within agency guidelines. No further action is warranted in this matter.

Petitioner filed two (2) federal habeas applications challenging Disciplinary Case #20100069340 (filed as Cause Nos. 2:10-CV-0020 and 2:10-CV-0062). On June 10, 2010, Cause No. 2:10-CV-0062 was consolidated into Cause No. 2:10-CV-0020. Respondent filed an answer to petitioner's applications requesting certain of petitioner's claims be dismissed with prejudice as unexhausted and procedurally barred or as not cognizable on habeas review, and that other claims be denied as being without merit. In a reply to respondent's answer, petitioner adopted inconsistent positions, arguing he "has challenged property loss or property theft as a retaliatory action" and "has never asked for the disciplinary case to be disturbed; just the return of property listed in original 2254 petition and to stop the ongoing and continuous retaliation," but also arguing he had exhausted his claims, that the disciplinary charge was meritless and should be overturned because it will affect the duration of his sentence. Petitioner also presents the Court with somewhat of a "catch 22" by asking for dismissal of his habeas petition and requesting to his petition be re-filed as a complaint under 42 U.S.C. § 1983 in this same cause number (*see* "page number Eight of Reply to Respondent's Answer"), but then, on the next page, requesting his "2254 U.S.C. Habeas Corpus Writ be GRANTED in all ways."

II.
PETITIONER'S ALLEGATIONS

Petitioner contends his federal constitutional rights, namely his rights to due process and equal protection, were violated during his disciplinary hearing in the following manner:

1. Petitioner was deprived of his property in violation of state laws and Texas Government Code provisions "attached to the Administrative Directive 03.72";

2. Correctional and property officers conspired to steal and destroy petitioner's property;

3. The disciplinary offense was brought in retaliation, only to harass petitioner, and as part of a vendetta against petitioner;

4. There is no evidence to support the Hearing Officer's finding of guilt;

5. Petitioner's disciplinary charge and finding of guilty were wrongful and in violation of TDCJ Administrative Rules; and

6. Petitioner's civil rights were violated.

III.
EXHAUSTION AND PROCEDURAL DEFAULT

Petitioner's federal habeas application is subject to the provisions of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). Consequently, no relief may be granted unless petitioner has first exhausted the remedies available in the state courts, or an exception to exhaustion exists. Petitioner's habeas application may, however, be denied on the merits notwithstanding any failure to exhaust remedies available in the state courts. 28 U.S.C. § 2254(b)(2). This AEDPA deference scheme also applies to a habeas challenge to the determination resulting from a prison disciplinary procedure for which appeal is available through the grievance process. *Baxter v. Estelle*, 614 F.2d 1030 1031-32 (5th Cir. 1980). Such an appeal through the grievance process has been construed to constitute "the right under the law of the State to raise, by [an] available procedure, the question presented." 28 U.S.C. § 2254(c); *see also Lerma v. Estelle*, 585 F.2d 1297, 1299 (5th Cir. 1978).[2] Consequently, an inmate challenging a prison disciplinary proceeding on

---

[2]At the present time, the petitioner is not required to present habeas claims challenging prison disciplinary cases to the Texas Court of Criminal Appeals because that court has stated it will not entertain challenges to prison disciplinary proceedings or the denial of good conduct time credit under the Prison Management Act. *Ex parte Palomo,* 759 S.W.2d 671 (Tex. Crim. App. 1988).

constitutional grounds must exhaust his administrative remedies by following all internal dispute resolution procedures before seeking habeas corpus relief in federal court. To adequately exhaust state remedies, a claim for habeas relief must include not only reference to a specific federal constitutional guarantee but must also demonstrate the petitioner is entitled to relief; a general appeal to a constitutional guarantee as broad as due process is inadequate to present the "substance" of the claims. *Gray v. Netherland*, 518 U.S. 152, 162-63, 116 S.Ct. 2074, 2081 (1996). Nor is a federal claim adequately presented to the state by presenting somewhat similar claims. *Cf. Wilder v. Cockrell*, 274 F.3d 255, 259-60 (5th Cir. 2001).

Although petitioner challenged this disciplinary case through the prison grievance procedure, petitioner did not challenge the case on the grounds that he was deprived of his property in violation of state law and Texas Government Code provisions "attached to Administrative Directive 03.72" (Ground 1); that property and correctional officers conspired to steal and destroy petitioner's property (Ground 2); that the disciplinary charge and finding of guilty were wrongful and in violation of TDCJ Administrative Rules (Ground 5); or that his civil rights were violated in an unidentified specific manner (Ground 6). As a result, the merits of these claims were never administratively reviewed and petitioner's administrative remedies were not exhausted. Any attempt to now exhaust these claims through the prison grievance system would be untimely. Consequently, petitioner is procedurally barred from presenting Grounds 1, 2, 5 and 6 in this federal habeas proceeding and such grounds should be DISMISSED.[3]

In his reply, petitioner acknowledges he did not present these claims to the prison grievance system, however, he argues, without evidentiary support or citation to authority, that the grievance

---

[3] Even if this Court were to consider petitioner's unexhausted grounds, such claims would be without merit. Claims of violations of purely state law and/or state prison administration directives do not rise to the level of a federal constitutional violation for purposes of federal habeas corpus relief. Petitioner's conspiracy allegations are conclusory and unsupported by evidence and do not qualify for federal habeas corpus. Petitioner's claim of a civil rights violation is inappropriate in a federal habeas corpus proceeding.

department will not hear such claims and contends it was impossible to present the issues through the required administrative process. Petitioner has not adequately demonstrated, through his unsupported allegations, that presentation of his claims through the grievance system would be futile, that the grievance system is inadequate to raise his claims, or that he is otherwise excused from presenting his claims through the state provided administrative process. Petitioner has not demonstrated adequate cause for his procedural default, or actual prejudice as a result of such default. Consequently, petitioner is precluded from obtaining federal habeas corpus review on Grounds 1, 2, 5 and 6 identified above and these claims should be dismissed for failure to exhaust and as procedurally defaulted.

Petitioner appears to have presented his claim under Ground 4 (claim of no evidence to support the HO's finding of guilty) only in his Step Two grievance. Respondent argues this claim is also unexhausted and procedurally barred. While "proper use" of the grievance system would be to raise a claim in a Step 1 grievance and then appeal the grievance to Step 2, *see Johnson v. Johnson*, 385 F.3d 503, 515 (5th Cir. 2004), the prison authorities did not deny the Step 2 grievance based upon any failure to present claims in the Step 1 grievance but, instead, denied the Step 2 grievance on the merits. Consequently, the undersigned does not find Ground 4 should be dismissed as unexhausted.

IV.
GROUND 3 - RETALIATION

By his third ground, petitioner contends the charges against him were false, made in retaliation simply to harass petitioner and as part of a vendetta against petitioner. Similar to review of claims of retaliation in civil rights cases, this Court regards such claims with skepticism and carefully scrutinizes each claim, requiring an inmate show that but for the retaliatory motive, the disciplinary charge would not have been made. *Cf. Woods v. Smith*, 60 F.3d 1161, 1166 (5th Cir.

1995).

Petitioner has not submitted any evidence to support his allegations of false charges, retaliation, harassment or a vendetta. Instead, he presents only his self-serving statements of conspiracy, cover-ups, abuse of authority, bias and prejudice. Without some additional *actual* evidence to support his assertions, petitioner's claims are not "of probative evidentiary value" and cannot, in and of themselves, result in habeas corpus relief. *Ross v. Estelle*, 694 F.2d 1008, 1011-12 (5th Cir. 1983). Moreover, petitioner has not demonstrated that but for a retaliatory motive, he would not have been charged with the disciplinary violation or would have received a lesser punishment than the forfeiture of nine (9) days previously accrued good time. Petitioner's allegations of retaliation are conclusory, fail to raise a cognizable claim on federal habeas review, and are subject to summary dismissal. Accordingly, petitioner's third ground should be DISMISSED.

V.
GROUND 4 - NO EVIDENCE

By his fourth ground, petitioner argues there is no evidence to support the Hearing Officer's finding that petitioner was guilty of threatening a correctional officer. Specifically, as indicated by petitioner's complaint in his Step 2 grievance, petitioner appears to argue there was no "physical evidence" to support the finding that he made a threat.

Prison disciplinary proceedings do not require the "full panoply of rights" due a defendant in a criminal proceeding. The Supreme Court has set forth the minimum requirements of procedural due process which are to be accorded prisoners in the disciplinary hearing process:

1. advance written notice of the claimed violation;

2. a written statement of the fact finder as to the evidence relied on and the reason(s) for the disciplinary action taken; and

3. an opportunity to call witnesses and present documentary evidence in defense, when to do so would not be unduly hazardous to institutional safety or correctional goals.

*Wolff v. McDonnell*, 418 U.S. 539, 564-66, 94 S.Ct. 2963 (1974).

Moreover, disciplinary determinations "will not be disturbed unless they are arbitrary and capricious." *Banuelos v. McFarland*, 41 F.3d 232, 234 (5th Cir. 1995). Consequently, this Court does not conduct a *de novo* review of the disciplinary proceedings, rather, a federal court's role on review is only to "examine if the guilty finding has the 'support of some facts' or 'any evidence at all.'" *Hudson v. Johnson*, 242 F.3d 534, 537 (5th Cir. 2001).

The evidence presented at the disciplinary hearing that petitioner directed the threat of "wait 'til I get out of this dayroom" toward the officers consisted of the offense report; supporting statement and testimony by the accusing officer, Officer Lowe; supporting statement and testimony by witness Officer Brannon; and a supporting statement by witness Officer Evans. There is nothing indicating the evidence in the record is unreliable. Petitioner's allegations of a conspiracy against him does not render such evidence as lacking in credibility. Review of the record establishes the DHO's actions were not arbitrary and capricious. There clearly was some evidence in the record supporting the DHO's determination of petitioner's guilt. Petitioner was afforded all due process to which he was entitled. Petitioner's fourth ground should be DENIED.

## VI.
## GROUND 6 - CIVIL RIGHTS CLAIM

By his sixth ground, petitioner alleges his civil rights have been violated. Specifically, petitioner appears to challenge the confiscation of his personal property, failure of TDCJ-CID to return such property, and TDCJ-CID's failure to comply with administrative directives detailing the documentation of confiscated property, arguing has been deprived of his property without due process.

A "writ of habeas corpus is the appropriate federal remedy for a state prisoner challenging

the *fact* of confinement." *Cook*, 37 F.3d at 168 (emphasis added).  A civil rights action under section 1983 is the "appropriate remedy for recovering damages resulting from illegal administrative procedures." *Id*.  To the extent petitioner asserts respondent violated his civil rights through the confiscation of his property, petitioner's claim is improper in this federal habeas proceeding.

Petitioner has not filed a civil rights action although he could have done so initially or after the filing of respondent's answer.  Moreover, petitioner has requested, not that this claim be severed and filed under another cause number, but that, in essence, his habeas petition be re-designated as a civil rights complaint under 42 U.S.C. § 1983 and be allowed to proceed under this cause number.  He makes such a request despite the habeas nature of his other claims challenging the disciplinary ruling.  Petitioner's other grounds, if "converted" to a civil right complaint, would be barred from relief by *Heck v. Humphrey*, 512 U.S. 477, 114 S.Ct. 2364, 129 L.Ed.2d 283 (1994).  Even if this Court had unilaterally severed only petitioner's property claim and filed it under a separate cause number sounding in civil rights, the *Parratt/Hudson* doctrine[4] would bar petitioner's claim that he was deprived of his property without due process of law.  Petitioner's sixth ground should be DISMISSED.

## VII.
## RECOMMENDATION

It is the RECOMMENDATION of the United States Magistrate Judge to the United States District Judge that the Petition for a Writ of Habeas Corpus by a Person in State Custody filed by petitioner TONY WILSON be DENIED as to Grounds 3 and 4, and DISMISSED as to Grounds 1, 2, 5 and 6.

---

[4] *Hudson v. Palmer*, 468 U.S. 517 (1984); *Parratt v. Taylor*, 451 U.S. 527 (1981), *overruled in part by Daniels v. Williams*, 474 U.S. 327 (1986).

VIII.
INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a copy of this Report and Recommendation to each party by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED this 21st day of December 2012.

_____
CLINTON E. AVERITTE
UNITED STATES MAGISTRATE JUDGE

* **NOTICE OF RIGHT TO OBJECT** *

Any party may object to these proposed findings, conclusions and recommendation. In the event parties wish to object, they are hereby NOTIFIED that the deadline for filing objections is fourteen (14) days from the date of filing as indicated by the "entered" date directly above the signature line. Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(C), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(E). **Any objections must be filed on or before the fourteenth (14th) day after this recommendation is filed** as indicated by the "entered" date. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(2); *see also* Fed. R. Civ. P. 6(d).

Any such objections shall be made in a written pleading entitled "Objections to the Report and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections to the proposed findings, conclusions, and recommendation contained in this report shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge in this report and accepted by the district court. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1), *as recognized in ACS Recovery Servs., Inc. v. Griffin*, 676 F.3d 512, 521 n.5 (5th Cir. 2012); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).